UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZI XIANG ZHEN,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC HOLDER, JR., Attorney General of the United States, *et al.*,<br><br>        Respondents. | CASE NO. C11-0964-JLR<br><br>REPORT AND RECOMMENDATION |

Petitioner Zi Xiang Zhen, a native and citizen of the People's Republic of China, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on June 9, 2011, challenging his continued immigration detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 6.) Petitioner alleges that he was detained by ICE upon his release from the Taft Correction Institution in Taft, California, on December 9, 2010. *Id*. at 3. He argues that his continued detention longer than six months violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and violates substantive and procedural due process. *Id*. at 4-8. He requests that the Court issue a writ of habeas corpus directing respondents to immediately release him from custody. *Id*. at 9.

REPORT AND RECOMMENDATION
PAGE -1

On July 19, 2011, respondents filed a return and status report along with documentation which indicates that petitioner was released from immigration detention on July 6, 2011, under an Order of Supervision. (Dkt. No. 12, Ex. A.) Respondents assert that due to petitioner's release, the habeas petition is moot and should be dismissed for lack of subject matter jurisdiction. *Id.*

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Here, petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. His release, therefore, has arguably resulted in the termination of any detention. Because no collateral consequences remain, and there is no relief left to grant on his petition, the Court finds that petitioner's habeas petition is moot and should be dismissed. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed).

01       A proposed Order accompanies this Report and Recommendation.

02       DATED this <u>20th</u> day of July, 2011.

                                          /s/ Mary Alice Theiler
                                          Mary Alice Theiler
                                          United States Magistrate Judge